PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. CHARLES MILLER LYN, Defendant and Appellant.

No. 6213. Argued January 20, 1937.—Decided January 25, 1937.

*J. Valldejuli Rodríguez* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

Charles Miller Lyn, a chauffeur, was charged with a violation of Section 328 of the Penal Code. The complaint charged:

" . . . That on the 3rd day of January, 1936, at 9 p. m., on highway number 2, km. 165, hect. 2, at Rincón, in the municipal judicial district of Añasco, P. R., which forms part of the judicial district of Aguadilla, P. R., the defendant Charles Miller Lyn, then and there, unlawfully, maliciously and wilfully, while driving as chauffeur auto-truck number H–111, property of the FERA, through inexcusable carelessness and gross negligence drove such truck along the center of the highway at an excessive speed of 48 kms. per hour, as a result of which said lack of care, said truck collided with automobile number P–1002, property of Mrs. Josefa Ramos, with the result that the truck suffered damage and the left side of the automobile was completely destroyed, and the chauffeur Miller Lyn received severe bruises on the chest and Jorge Díaz, driver of the automobile P–1002, received severe bruises on various parts of the body, etc.''

It is further alleged that other persons who were riding in car number P–1002 suffered wounds and bruises of more or less importance.

The defendant was convicted by the municipal court of Añasco, and on appeal to the district court of Aguadilla, was sentenced to pay a fine of $60 and costs. The defendant took the present appeal, and relies upon the following assignments of error:

1. That the District Court of Aguadilla had no jurisdiction to hear the case.

Appellant contends that in the complaint it is stated that the place in which the offense was committed is within the municipal judicial district of Aguadilla, when in fact Añasco forms part of the judicial district of Mayagüez, and the district court of Mayagüez was the court which should have heard the case.

The assignment is unfounded. In the first place, as appears from his own brief, it was the appellant who appealed to the District Court of Aguadilla. That would not, of course, be sufficient reason for dismissing the assignment, since jurisdiction cannot be conferred by the submission of parties, but it scarcely seems indicative of good faith to file an appeal in a court which the appellant believes has no jurisdiction in the matter, so that later and after an adverse judgment, he may deny the jurisdiction of the court to render it.

The place where the offense was committed, that is, "highway number 2, km. 165, hect. 2, at Rincón," is within the jurisdiction of the judicial district of Aguadilla.

Section 1181 of the Revised Statutes, 1911 edition, which bears on the creation of the municipal judicial districts of the island, provides insofar as material that:

"... And said municipal district shall be constituted as follows:
"    .    .    .    .    .    .    .    .    .    .
Judicial district of Aguadilla . . . District numbered eleven. Añasco and Rincón; capital at Añasco."

In accordance with that Section, misdemeanors committed in Añasco or in Rincón must be prosecuted before the Municipal Court of Añasco, as was done in the instant case.

Section 1148 of the same Revised Statutes divides the territory of Puerto Rico into seven judicial districts, and provides:

" . . . *Provided,* That said judicial districts shall in the future be made of the following municipalities. . . . The district of Aguadilla shall comprise the city of the same name and the municipalities of Aguada, *Rincón,* Isabela, Moca, San Sebastián and Lares. The district of Mayagüez shall comprise the city of same name and the municipalities of Cabo Rojo, *Añasco,* Lajas, Maricao, Las Marías, San Germán, and Sabana Grande." . . . . (Italics ours.)

Since the offense with which the defendant is charged was, according to the averments of the complaint and according to the proof, committed within the limits of the Municipality of Rincón, the appeal to the District Court of Aguadilla, which includes that municipality within its jurisdiction, was properly taken. We must, therefore, dismiss the assignment and uphold the jurisdiction of the trial court. See *People* v. *Rodríguez,* 48 P.R.R. 383.

■ 2. That this prosecution in the Aguadilla court was not identified with or in any form connected with the person of the defendant.

The appellant has not filed in this court a transcript of the evidence which would put us in a position to consider the alleged error. That ought to be sufficient to dismiss any error with respect to the sufficiency of the evidence.

The judgment rendered by the district court, which appears in the record, states that the chauffeur Jorge Díaz, who was driving the car with which defendant's truck collided, testified that he had known the defendant since the day of the accident; and that truck H-111, which caused the collision, was being driven by the defendant.

We are of the opinion that the defendant was sufficiently identified and connected with the commission of the offense

with which he was charged, and that the lower court did not commit the error assigned.

3. That the facts set forth in the complaint do not constitute the offense of a violation of Section 328 of the Penal Code or any other offense.

The assignment must be dismissed as frivolous. The complaint practically follows the language of the statute and is sufficient to inform the defendant as to the nature of the offense with which he was charged. That is all that the law requires. See *People* v. *Pagán,* 49 P.R.R. 422.

The judgment appealed from must be, and hereby is, affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.